## WATWOOD v. POTOMAC CHEMICAL CO.
### No. 277.

Municipal Court of Appeals for the
District of Columbia.

May 25, 1945.

Rehearing Denied June 14, 1945.

Walter H. Maloney, of Washington, D.
C., for appellant.

Alvin L. Newmyer, of Washington, D. C.,
for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

Appellant was employed by appellee from
December 30, 1940, to March 21, 1942, a
period of sixty-four weeks. She was paid
$35 weekly for the first thirty-two weeks
and $50 weekly for the remaining thirty-
two weeks. In addition to the weekly pay-

ments appellant received from appellee during her employment the sums of $100, $200 and $260; and after her employment ceased she received from Mr. Cohen, president of appellee, the sums of $200 and $1,214. Appellant claimed that her agreed salary was $100 a week plus a bonus of 10%, and she sued for $2,680, alleged to be the balance due her after crediting the weekly payments and the additional sums referred to above.

Appellee denied any agreement to pay appellant $100 a week; and claimed that the weekly payments represented the full salary agreed to by her, that the additional payments during her employment were in the nature of a bonus, and that the sums paid her by Mr. Cohen after her employment were personal transactions between him and her. Accordingly appellee denied owing appellant any amount. There was no written agreement or memorandum relating to appellant's employment and salary; the testimony with respect thereto was directly conflicting; and the jury returned a verdict for appellee.

██ The only error designated by appellant is the action of the trial court in overruling a motion for new trial; but in the brief various points, not specifically assigned as error, are argued. In Lee v. United States, D.C.Mun.App., 40 A.2d 250, we pointed out that, since many cases in the trial court are not stenographically reported and the statements of proceedings and evidence in those cases are prepared in view of the errors claimed, our rules contemplate that assignments of error shall be specific and definite. In the Lee case we refused to consider certain points argued in the brief but not assigned as error. In the instant case the claimed errors should have been specifically assigned, but since the record contains a full stenographic report of the proceedings and testimony, we shall overlook this violation of our rules and consider the points argued in the brief.

The first point made by appellant is that assuming the agreed salary in 1942 was $50 per week, as contended by appellee, appellant was on that basis entitled to judgment for $60 as bonus on the salary earned between January 1, 1942, and the date of her discharge. Her testimony was that appellee agreed to pay a 10% bonus. Appellee's testimony was that no promise was made to pay a bonus, that a bonus was to be paid only if appellee wished to do so and depending upon the year's profits. Appellee, however, admitted that a bonus was paid to all

employees at the end of 1941, and says the $260 payment to appellant in 1941 represented her bonus, and admits a bonus was paid to all employees at the end of 1942.

██ Assuming that a promise by an employer at the time of hiring to pay a bonus results in a contract to pay additional compensation for services and does not constitute a mere promise to make a gift or pay a gratuity, it does not necessarily follow as a matter of course that appellant would be entitled to a bonus on her 1942 earnings. The testimony of appellee was, and the jury could have so found, that the bonus was payable only at the end of the year. Under such circumstances appellant would not be entitled to a bonus on salary earned in the early months of 1942, if her discharge was for justifiable cause. Roberts v. Mays Mills, 184 N.C. 406, 114 S.E. 530, 28 A.L.R. 338; McGregor v. Harm, 19 N.D. 599, 125 N.W. 885, 30 L.R.A.,N.S., 649; Haag v. Rogers, 9 Ga.App. 650, 72 S.E. 46; National Manufacture & Stores Corporation v. Whitman, 4 Cir., 93 F.2d 829. She testified that she was not discharged for any cause arising out of her employment, but appellee's testimony was that she was discharged because "she was getting so officious * * * that it was impossible for the work to continue the way it should." From this testimony the jury could have found that appellant was discharged for cause and thereby lost her right to a bonus on her 1942 earnings.

██ Appellant next contends that the verdict was contrary to the weight of the evidence, and argues that much of appellee's testimony was unreasonable, incredible and manifestly false. We have repeatedly held that this court cannot weigh the evidence. Yellow Cab Co. v. Sutton, D.C. Mun.App., 37 A.2d 655, and cases there cited. If the evidence is conflicting its credibility and weight are matters for the jury. The Act creating this court specifically provides that in jury cases our review shall be limited to matters of law. Code 1940, § 11—772.

██ Under the same point appellant criticizes the court's charge to the jury. But no objection was made to the charge, and a party is not allowed to acquiesce in a charge and then question its correctness for the first time on appeal. Collins et al. v. United States, D.C.Mun.App., 41 A.2d 515; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

Appellant's third point relates to cross-examination of her regarding her 1942 Federal income tax return. It arose in this manner. In November, 1942, some months after appellant's employment had ceased, Mr. Cohen, president of appellee, gave appellant his personal check for $1,214. She claimed this was a payment on account of back salary. If this was true it substantiated her claim that her agreed salary exceeded the amounts paid weekly. Appellee asserted that this check represented a personal transaction between appellant and Mr. Cohen and was either a gift or loan by him to her. The trial court permitted appellant to be cross-examined as to the manner in which she reported this sum in her income tax return. We think this was proper. If appellant reported the sum as taxable earnings, it would support her claim that when the payment was received it was understood and treated by her as payment on account of salary. On the other hand, if she did not report it as taxable income, it would weaken her claim that it was salary and strengthen appellee's claim that it was a gift or loan from Mr. Cohen.

Appellant, however, insists that Section 55 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 55, makes tax returns confidential or privileged, and prohibits disclosure of their contents. We do not think the cited provision prohibits cross-examination of a litigant in a private civil action concerning the manner in which the witness treated sums received in reporting taxable income, when such inquiry is relevant to issues involved. We think the correct rule in this respect was stated in Connecticut Importing Co. v. Continental Distilling Corporation, D.C.Conn., 1 F.R.D. 190, 192, where it was said: "The only statute pertinent here is that now consolidated as 26 U.S.C.A.Int.Rev.Code, § 55. Nothing in this statute nor the regulations issued thereunder precludes a court of competent jurisdiction from requiring a disclosure of a tax return by the taxpayer in connection with civil litigation to which the taxpayer is a party." [1]

It is also contended by appellant that she was prejudiced by testimony regarding a breach of promise suit brought by her against Mr. Cohen. The breach of promise suit was commenced about one week after her employment ceased. This action was not brought until more than two years after she left appellee's employment. The $1,214 payment to appellant by Mr. Cohen was within one week after she dismissed her breach of promise suit. Mr. Cohen was originally named as a codefendant in the instant case, but obtained a directed verdict. We think the evidence concerning the breach of promise suit was admissible, and evidently appellant was of the same opinion at the trial since no objection was made to its admission.

We find no error in the record and the judgment must be affirmed.

Affirmed.

---

[1] Cf. Peterson v. Peterson, S.D., 17 N.W.2d 920.