137 So.2d 255 (1962)
George T. PARRISH, Appellant,
v.
GENERAL MOTORS CORPORATION, a Corporation of the State of Delaware, Appellee.
No. 2415.
District Court of Appeal of Florida. Second District.
February 2, 1962.
*256 Emil Klein, of Klein, Moore & Kline, Miami Beach, for appellant.
Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, and Aloysius F. Power and Donald K. Barnes, Detroit, Mich., for appellee.
WHITE, Judge.
George T. Parrish, plaintiff below, appeals an order denying his motions to strike the pleadings of the defendant General Motors Corporation and granting the defendant's motion for summary judgment. The plaintiff brought the action to collect a bonus allegedly due him for the year 1956.
The plaintiff alleged that he was employed by the defendant corporation from July 1947 until December 31, 1956, that his original contract of employment was oral and that the defendant had a bonus plan in operation. The plaintiff further alleged that he received bonus awards for the years 1952-1955 inclusive, that the defendant severed his employment December 31, 1956 without stated cause and refused to pay him a bonus for 1956, although other employees of the defendant received bonuses for that year.
The defendant corporation admitted the allegations of the complaint but denied that the plaintiff was entitled to a bonus. The defendant also pleaded a private three year limitation of action, as set forth in its bonus plan, and also pleaded the conventional statutes of limitations of the lex loci and lex fori. The trial court found that, according to the provisions of the bonus plan, the defendant's Bonus and Salary Committee had full discretion to determine each bonus award and that since the plaintiff was not awarded a bonus for 1956 he was not legally entitled to judgment. The court, upon hearing on motion, granted summary judgment for the defendant General Motors Corporation. This appeal ensued.
The defendant's bonus plan provided in pertinent part as follows:
"4. Full power and authority to construe, interpret and administer this plan shall be vested in the Bonus and Salary Committee as from time to time constituted pursuant to the By-Laws of the Corporation. Decisions of the Committee shall be final, conclusive and binding upon all parties. * * *
"5(a). An employee shall be eligible for consideration for bonus if at the end of the year he is receiving a salary at or above such monthly rate * * * as the Bonus and Salary Committee shall from year to year determine, but the Committee may, in its discretion, award bonuses to employees receiving salaries below the eligible monthly rate in special cases. * * *
* * * * * *
"6. The Bonus and Salary Committee shall have discretion with respect to the determination of each bonus award. Recommendations for bonus awards shall be made to the committee by the person discharging the duties of chief executive officer of the Corporation under such procedure as may from time to time be prescribed by the Committee. * * *
* * * * * *
"8(a). A beneficiary whose employment terminates by dismissal for cause, of which the Bonus and Salary Committee shall be the sole judge, shall lose any right to earn out his unearned bonus awards.

*257 A beneficiary who voluntarily terminates his employment shall have no right to earn out his unearned bonus awards, unless and to the extent that the Bonus and Salary Committee, in its sole discretion, decides otherwise. * * *
A beneficiary whose employment terminates for any reason other than as above set forth. * * * of which the Bonus and Salary Committee shall be the sole judge, may retain his rights to earn out unearned bonus awards to such extent as the Bonus and Salary Committee may decide * * *.
* * * * * *
"12. * * * the Bonus and Salary Committee shall have the right from time to time to modify or suspend this plan. * * *
* * * * * *
"15. * * * any and all right of action by any employee (past, present or future) against the Corporation with respect to an award under this plan * * * shall, irrespective of the place where the action may be brought, cease and be barred by the expiration of three years (a) from the date of the act or omission in respect of which such right of action arises or (b) from the date of final determination of the respective bonus award * * * whichever date is later." (Emphasis added).
The essence of the plaintiff's contention is that he earned a 1956 bonus and is entitled to it as a vested right notwithstanding the defendant's contrary assertion. The defendant urges on the other hand that its Bonus and Salary Committee has full discretion (1) whether or not to issue a bonus award to any particular employee and (2) how much any award to a particular employee should be; that therefore an employee does not have a claim of right where, as in this case, the award claimed was never made. We find no factually analogous Florida decision.
In Montgomery Ward & Co., Inc. v. Guignet, 1942, 112 Ind. App. 661, 45 N.E.2d 337, the court said:
"The appellee contends that this bonus plan was, in legal effect, a contract to pay additional compensation, and not a gratuity, and is, therefore, enforceable as a part of the wages earned when the employee is wrongfully discharged. Conceding for the sake of argument that the provisions of the plan, as adopted by the appellant for the payment of a bonus, amount to additional compensation, yet the right of the appellee to recover such bonus must be determined from a study of all the provisions of the adopted plan. The terms of this plan were known to the appellee during the course of his employment * * *." (Emphasis added.)
The absence of a clear contractual right was noted in Borden, et al. v. Skinner Chuck Company, 1958, 21 Conn.Sup. 184, 150 A.2d 607. In that case the court studied a similar plan and denied the employee's claim because, in the absence of a definite offer on the part of the employer, an essential element of contract was lacking. The court said:
"It is basic, however, that there must be an offer upon the employer's part. A mere expression of intention or general willingness to do something on the happening of a particular event or in return for something to be received does not amount to an offer. 1 Williston, Contracts (Rev.Ed.) § 26. The proposition is precisely phrased as follows: `If from a promise, or manifestation of intention, or from the circumstances existing at the time, the person to whom the promise or manifestation is addressed knows or has reason to know that the person making it does not intend it as an expression of his fixed purpose until he has given a further expression of assent, he has not made an offer.' Restatement, 1 Contracts § 25."
*258 We have verified the record of a recent federal court decision which, we think, correctly appraises the purpose and legal implications of the bonus plan here involved, although obviously there are factual differences in the cases. We refer to O'Madigan v. General Motors Corporation, D.C.Mo., 1961, 202 F. Supp. 190.
Daniel O'Madigan, Jr., plaintiff in the foregoing case, had been employed by Pontiac Division of General Motors and had been receiving bonuses when he accepted employment with a competitor of General Motors. The Bonus and Salary Committee thereupon terminated his prospective benefits as to bonus awards previously made, thus revoking his privilege of "earning out his unearned bonus award" under Paragraph 8 of the Bonus Plan. Thus the awards in the O'Madigan case had already been made but were partly unpaid, whereas in the present case the claimed award had never been granted. The true significance of the O'Madigan case lies largely in the comment of the court in deciding adversely on O'Madigan's claim:
"* * * It is the Court's conclusion that the bonus award plan is an incentive plan to reward for past services performed and for future services anticipated. * * * Further, the provision that the Bonus and Salary Committee shall have discretion with respect to the award, not only supports this conclusion but, contractually and impliedly establishes discretion and provides for the granting or termination of the awards." (Emphasis added.)
We hold that the bonus plan involved in the instant case was not so contractually interwoven with the terms and conditions of the plaintiff's employment as to confer upon him a vested right to a bonus award for the year 1956, even though he was employed by the defendant and served through that period. A bonus, under the plan described herein, partakes of gratuity while lacking essential elements of contractual obligation. Under said plan an employee is at all times charged with knowledge that a bonus award may be granted or withheld as to any employee at the discretion of the employer. The mere possibility or prospect of a bonus, without more, can not be regarded as a condition of employment conferring a right enforceable at law.
Affirmed.
SHANNON, C.J., and KANNER, J., concur.