**FRAZER & TORBETT, CPA'S, an unincorporated association, Plaintiff in Error,**

v.

**Elmer E. KUNKEL, Defendant in Error.**

**No. 40690.**

Supreme Court of Oklahoma.

April 13, 1965.

 

Wheeler & Wheeler, Tulsa, for plaintiff in error.

Rhodes, Crowe, Hieronymous, Holloway & Wilson, by Joseph R. Roberts, Tulsa, for defendant in error.

DAVISON, Justice.

Frazer & Torbet, CPA'S (defendant below) appeals from a judgment rendered on jury verdict for $1250 in favor of Elmer M. Kunkel (plaintiff below). Plaintiff was a former employee of defendant and the judgment represents recovery of a $250 Christmas bonus and $1000 arising from a profit sharing agreement that plaintiff claimed the defendant owed him.

Plaintiff's petition reflects that the basis of his action was that in August, 1958, he was employed by defendant, on a monthly salary, to do accounting work; that defendant had a Christmas bonus plan, "which was discretionary only as to the amount that was to be allowed in any given year;" that pursuant to a later memo to personnel the bonus was to be paid one-half in December and one-half "after the spring busy season;" and that he was paid $250 in December, 1960, but was not paid the other one-half "of the agreed $500 Christmas bonus." It was further alleged that defendant had a profit sharing program for "key personnel" and that plaintiff was included in this program for the fiscal year ending June 30, 1960 (1961), and that he was due $1000 as his share. Plaintiff claimed these amounts were owing him as a part of the contract of employment, in addition to his salary, and were due when he quit his employment with defendant on July 31, 1961.

Defendant's contentions of error will be considered under the proposition that the verdict is not sustained by the evidence and is contrary to law.

We will first dispose of the question of error as to plaintiff's recovery of the $1000 arising from the "profit sharing plan."

■ The sufficiency of the evidence to support the verdict is governed by the rule that in an action of legal cognizance the verdict and judgment rendered thereon will not be disturbed because of insufficiency of the evidence, if there is any evidence reasonably tending to support such verdict and judgment.

The plaintiff testified that he was in the employ of defendant from August, 1958, through July 31, 1961; that several partners in the defendant firm had left on June 30, 1960; and in the fall of 1960, a partner of the firm told plaintiff he was considered a key employee and if plaintiff would stay he would share in the profits of the firm for the following year, in addition to his regular salary, to be paid in the (next) fall, and if the profits were as good as they were for the prior year his share would be about $1000. There is testimony that plaintiff agreed or assented to the proposition. The evidence showed that defendant operated on

a fiscal year ending June 30 of each year and plaintiff testified it was his understanding that his share of the profits was to be based on defendant's fiscal year. It is apparent from the record that plaintiff believed he qualified for the profit sharing by remaining in defendant's employ through June 30 and to July 31, 1961, when he quit of his own volition.

The evidence in behalf of defendant, regarding profit sharing, was substantially the same as that of the plaintiff except in one respect. Defendant's version of the understanding was that payment to plaintiff was conditioned on plaintiff continuing as an employee for one year after the September, 1960, conversation, or through September, 1961. Defendant's evidence admits plaintiff would have received $1000 if he had stayed through September, 1961.

It is inherent in the verdict in plaintiff's favor that the jury chose to believe his version and understanding of the profit sharing agreement. There is evidence reasonably tending to support the jury's conclusion.

■■ It is our opinion that the circumstances, when reduced to their legal aspects, present all of the elements of a separate contract between plaintiff and defendant. It, therefore, becomes a question of whether the parties have performed their obligations under the contract. The evidence reflects that defendant wanted the benefit of plaintiff's further services, and offered the profit sharing plan to induce plaintiff to stay, and that plaintiff accepted the offer, and stayed and performed under the contract in accordance with his understanding of the agreement. This eliminates any contention that the profit sharing was purely gratuitous and to be paid entirely at the option of the defendant. Such a contract is enforceable just as any other contract may be enforced.

The verdict and judgment should be and is hereby affirmed to the extent of $1000 profit sharing portion thereof.

This brings us to the $250 claim for the 1960 Christmas bonus.

Plaintiff, at the time of his employment, was told that defendant had a Christmas bonus plan and he was paid a Christmas bonus for 1958. On December 8, 1959, a memo was addressed to all personnel, regarding bonuses, that stated:

"At the recent partnership meeting in New York, the firm decided that all offices will be on a consistent basis of paying bonuses—that basis is as follows: One-half of the year's bonus will be paid during the month of December and the remaining half will be paid after the spring busy season."

In December, 1959, plaintiff was paid a bonus of $175 and in June, 1960, was paid $200. In December, 1960, he was paid a bonus of $250. Plaintiff claims that this was the first half and that he was entitled to a further $250 in the spring of 1961, representing the last one-half, and testified he was told at one of the several conversations at the time he quit that he would be paid this amount.

It is observed that this Christmas bonus plan was a general bonus plan, applicable to all employees, as distinguished from the profit sharing plan, which was made with plaintiff individually as a key employee.

Plaintiff testified that the payment of the Christmas bonus was voluntary on the part of defendant and that the defendant decided how much each individual was to get. This was in accord with defendant's evidence. Defendant also testified that he was not in any different category than any other employee. The uncontroverted evidence was that the bonuses paid in December, 1960, were the only Christmas bonuses paid for that year, that they were not split in any way, and no Christmas bonus was paid to any employee following 1960, and that plaintiff was not treated differently than any other employee.

■ Plaintiff relies upon the 1959 memo, supra, as establishing his right to a further 1960 bonus payment. The effect of plaintiff's contention is that the memo obligates the defendant to pay a bonus in the spring of the years subsequent to 1960 equal to

that paid at Christmas in the prior December. We fail to see, in the absence of more exact language, how the memo would convert and enlarge a general voluntary Christmas bonus program into an absolute and obligatory program, to the extent urged by plaintiff. Plaintiff admits, relative to Christmas bonuses, his category was no different from that of other employees. The other employees were not paid a bonus in the spring of 1961, and plaintiff received the same treatment. Under the circumstances we believe the memo applied only to the Christmas bonus for December, 1959.

In Adams v. Mid-West Chevrolet Corporation, 198 Okl. 461, 179 P.2d 147, 162, 175 A.L.R. 554, this court was presented with the question of power of a corporation to give a bonus to a director employee, and the status of a bonus that was already paid. Concerning the latter proposition we quoted with approval from Kennicott v. Wayne County, 16 Wall. 452, 21 L.Ed. 319, as follows:

"'A bonus is not a gift or gratuity but a sum paid for services, or upon a consideration in addition to or in excess of that which would ordinarily be given.'"

In the present appeal we are concerned with the basis or existence of any right in plaintiff to recover a bonus. It is noteworthy that in the Kennicott case, supra, the term "bonus" was controlled and limited by the connection in which it was used, to wit: in consideration of the recipient undertaking to build a railroad through the county.

In Cain Coffee Co. v. McNutt, Okl., 308 P.2d 651, the decision denied recovery of a Christmas bonus by an employee, who was discharged prior to distribution of bonuses, and stressed the discretion vested in the corporate employer and the lack of proof of any agreement giving the particular (former) employee a right of participation.

In order for plaintiff to recover the bonus it was incumbent on him to show that, as to the 1960 Christmas bonus, the defendant had departed from its voluntary and discretionary general bonus plan and obligated itself to pay a 1961 spring bonus, and in particular to plaintiff as an exception to the other employees. As demonstrated above the evidence fails to furnish this proof.

It is our conclusion that there is no evidence supporting that portion of the verdict and judgment in favor of the plaintiff for the $250 bonus. That portion of the judgment is reversed with directions to render judgment denying plaintiff any recovery for such item.

Affirmed in part and reversed in part.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.

BERRY, J., concurs in part and dissents in part.