## Jack Mosow, Plaintiff-Appellant, v. National Lock Company, a Corporation, Defendant-Appellee.

### Gen. No. 69–152.

Second District.

February 9, 1970.

Berry, Simmons & Coplan, of Rockford, for appellant.

Miller, Hickey, Collins & Close, of Rockford, for appellee.

MR. JUSTICE THOMAS J. MORAN delivered the opinion of the court.

In November, 1964, plaintiff was employed by defendant as a manager in its Fastener Division at the company plant in Winnebago County. Prior to plaintiff's employment, and since 1939, the company had in force what it called a "contingent compensation plan." On October 25, 1966, plaintiff was informed, by letter, that he would participate in the plan for the fiscal year July 1, 1966, through June 30, 1967, "subject to final determination by the Board of Directors or Management, as directed by the Board." The plaintiff was subsequently compensated under the plan for that year.

On November 13, 1967, plaintiff received a similar letter from the defendant wherein his share was established at .0012 dollars for each $100,000 of company profits. This letter, as before, provided that participation was "subject to final determination by the Board of Directors or Management, as directed by the Board." Prior to the end of that fiscal year, on March 12, 1968, the plaintiff was discharged.

The plaintiff brought this case to recover the sum of $3,870.89 (less $360.89 stipulated to be an overpayment), alleged to be due him under the plan. The trial court, sitting without a jury, found against the plaintiff and dismissed the claim. This appeal followed based upon two theories. First, that the so-called "contingent payment plan" was a binding contract, and second, that the language in the letters was doubtful and should be construed against the defendant since it had selected the language.

The parties spent much time during oral argument discussing the merits of the plaintiff's discharge, the defendant taking the position that it was a discharge for cause. It appears from the record that there was cause for plaintiff's discharge and this does not appear to be denied by the plaintiff. It does not, however,

233

appear that that issue was presented to the trial court for determination. In either case, our conclusions would make it unnecessary for us to rule on that issue.

There appears to be no doubt that plaintiff's employment was terminable at will by either party. His salary was based on an annual figure but was paid to him periodically and regularly; there was no written contract of employment. In fact, the plaintiff only claims, in this case, that he is entitled to additional sums under the plan and not that he was wrongfully discharged or that additional salary is due him. Therefore, we conclude that his employment could be terminated at any time and, if it was terminated before payments were made under the plan, he would not be entitled to receive the possible payments called for under the plan.

We do not reach the question as to whether or not the plan was a binding contract because the plan itself, as set forth in each letter to plaintiff, specifically provided that payments were made "subject to final determination by the Board of Directors or Management, as directed by the Board." The plan in question is one of incentive, through which employees are encouraged to contribute to the success of the defendant's business. Under the quoted provision, the Board of Directors of the defendant reserved the unfettered discretion to pay or not to pay and that was a right reserved until the end of the fiscal year, which was after the time of plaintiff's discharge. It should be noted that, during the same period of time in question here, it was the Board's decision under the plan, not to pay another employee any additional sum for that year.

We have not been able to find, nor have we been directed to any authority covering circumstances of this precise nature. However, a few cases from other states appear somewhat analogous. In the case of Watwood v.

234

Potomac Chemical Co. (DC App), 42 A2d 728 (1945), an employee, who was discharged before the payment of a bonus, brought suit to recover the same. The Court held that the employee was not entitled to the bonus since he was not still engaged in his employment when the bonus became payable.

In the case of Croskey v. Kroger Co. (Mo), 259 SW 2d 408 (1953), plaintiff brought suit for a bonus. The Court found that he had been employed for an indefinite period of time and the bonus arrangement was simply an incentive plan. Since his discharge for cause became effective before payment of the bonus, he was not entitled to receive any extra sums. In the case of Cain's Coffee Co. v. McNutt (Okla), 308 P2d 651 (1957), plaintiff, who was discharged in October, brought suit to recover a Christmas bonus. The Court denied the bonus claim on the grounds that plaintiff's contract of employment was terminable at will and since plaintiff was not an employee at Christmas time he was not entitled to receive the bonus.

The cases cited to us by the plaintiff, such as Rudolph v. O. D. Jennings & Co., 38 Ill App2d 92, 186 NE2d 80 (1962) and Chambers v. John T. Shayne & Co., 32 Ill App2d 16, 176 NE2d 645 (1961) are distinguishable. In those cases there was a specific term of employment and the employee could not be discharged at will without cause. Likewise, in the case of Miller v. Community Discount Center, Inc., 83 Ill App2d 439, 228 NE2d 113 (1967), while there was no contract for a specific term of employment, the Court found, at page 443, "from an examination of the contract it is clear that a definite term of one year was contemplated by the parties." In our case it is equally clear that the parties did not contemplate a definite term of employment.

Lastly, plaintiff contends that the language set forth in the letters was vague and, since it is defendant's language, should be construed against it. That rule only applies if the language is vague and therefore, necessary to construe. In our opinion the language in the letters is perfectly clear. The amount of plaintiff's bonus, or the formula by which that was determined, was not subject to the decision of the Board of Directors because the letters fixed the formula, and the dollar amount is easily calculated when one knows the profit at the end of the fiscal year. Therefore, the language in the letter meant that the decision *whether to pay at all* was subject to the discretion of the Board of Directors.

We conclude that the letters from the defendant were clear, that they reserve discretion in the Board of Directors or Management to pay or not to pay, that plaintiff was discharged before the decision was made and therefore was not entitled to a decision in his favor. Consequently, the judgment is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.