**DAY'S STORES, INC., Appellant (Defendant below),**

v.

**Jack G. HOPKINS, Appellee (Plaintiff below).**

No. 4776.

Supreme Court of Wyoming.

Feb. 1, 1978.

B. J. Baker of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

Robert A. Burgess of Winter & Burgess and Richard A. Tobin, Tobin & Tobin, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This appeal is here upon a question which asks whether or not the plaintiff-appellee, Hopkins, was entitled to a bonus from defendant-appellant, Day's Stores, Inc., for the months of May, June and July of 1970, and if he was—how much.

The trial court granted judgment in the sum of $3,908.04 to appellee, which amounted to an award of a bonus (after allowing a set-off for undisputed deductions) for the months commencing in May of 1968 and running through July of 1970. The amount was arrived at by accepting the appellant's

determination of the bonus of $3,300 which it had offered to pay Hopkins for the year commencing in May of 1969 through April, 1970, to which the court then added $1,500 as a bonus for the months of May, June and July, 1970.[1] The appellant only questions the part of the judgment which awards Hopkins the $1,500 for the months of May, June and July, 1970; and, therefore, the only issue for our decision is whether or not the court erred in its award of this sum for the three months indicated.

We will hold that the court was in error in awarding the $1,500 bonus for May, June and July of 1970.

Appellant defines the issues as follows:
"1. Was there an enforceable promise in the contract of employment between appellee and appellant which would allow appellee to recover a bonus?

"2. If there was an enforceable promise to pay appellee a bonus, how was the bonus to be determined and in what amount?"

Since we find there was no enforceable bonus contract, it will not be necessary to address the second issue.

The only agreement touching upon the payment of a bonus to Hopkins by his employer, Day's Stores, Inc., is contained in these following minutes of the Board of Directors. The minutes of the Board for its meeting held on May 1, 1968, provide:
" . . . The President's compensation was fixed at $1,000.00 per month *plus a possible bonus of 0% to 10% to be determined by the Directors at the next annual meeting.* The President's bonus for 1967 through and including February, March and April of 1968 was fixed at $8,400.00, $3,500.00 of which has been paid, with instruction that the remaining $4,900.00 be paid immediately. *Future bonus evaluations shall be from May 1st through the following April 30th.* Bonus evaluations shall be based on profits,

merchandising, personnel training, store housekeeping, window displays, and general over-all management. . . . " [Emphasis supplied]

The minutes of the Board of Directors for its meeting held on May 27, 1969, provide:
"The salary of President Jack Hopkins was established at $1,100.00 per month, together *with a bonus to be fixed at a later date.* Bonus for the year closed was fixed in the amount of $5,500.00, payable immediately. . . . " [Emphasis supplied]

According to the minutes of May 1, 1968, the policy of the directors was that the future bonus evaluations would be at the discretion of the directors on a May-through-April yearly basis. There is no indication of any change in this policy at any time relevant herein. The May 27, 1969, minutes clearly provided that a bonus would be fixed for the year May, 1969, through April, 1970, *at a later time,* and there was no mention made in *any* minutes of a bonus for *any* time, in *any* amount, for work performed after April of 1970.

Appellee Hopkins continued his employment through the months of May, June and July of 1970. On July 31, 1970, the board voted to set appellee's final bonus at $3,300. Appellee refused it and sued for a bonus of $8,000 for May 1, 1969 through April 30, 1970, and $4,666 for the months of May, June and July, 1970.

Notwithstanding these asking-figures and the court's relatively-modest award, we must assume that the appellee was satisfied with the court's action and seeks here only to defend the $1,500 granted by the court for the months of May, June and July of 1970 because the appellee has not otherwise complained of the court's award in any respect whatsoever.

■ There is no language in the Board of Directors' minutes which would indicate

---

1. There is an unimportant dispute of fact concerning the time-frame which the $3,300 was intended to cover. In the letter advising appellee of the bonus, it was said to cover the period commencing May 1, 1969 through April, 1970. In discovery, there was indication that the directors intended this bonus would cover the

time-period commencing May, 1969 through July of 1970. But it makes no difference in view of our holding that, in any case, the appellee had no valid and binding contract for a fixed bonus which he could enforce against his company in any amount over any time-period.

that a payment of a bonus at any time was other than discretionary with the Board. This is clearly indicated by the language of the meeting of May 1, 1968, where the Board reserved the right to pay a bonus of "0% to 10% to be determined by the directors." There is no evidence from which we could assume that this bonus policy was not in effect at all times with which we are concerned here. There are no minutes which would indicate that the Board intended to pay, or had even considered, a bonus payment for May, June and July of 1970. The last minutes of record herein indicate that the bonus for the year May 1, 1969 to April 30, 1970, would be fixed "at a later date," and the bonus for this period was, indeed, fixed on July 31, 1970, in the sum of $3,300.00 but no mention was made of a bonus which concerned any period of time after April 30, 1970. Even if we were to determine that it was the intent of the Board that the $3,300 would include these questioned three months, the result is the same. In other words, *the appellee had no contract for a bonus upon which he could rely concerning the only three months in issue in this appeal—namely, May, June and July of 1970.*

Courts from other jurisdictions have held that contracts which provide only for the possibility of a bonus, and leave the payment of a bonus totally in the discretion of the employer are not enforceable by the employee. *Moscow v. National Lock Company,* 119 Ill.App.2d 232, 255 N.E.2d 500, 502 (1970); *Parrish v. General Motors Corporation,* 137 So.2d 255, 258 (Fla.App.1962). For the Board of Directors to have said to Mr. Hopkins that it may possibly fix a bonus in the future at a figure which may fall within the percentage range of 0% to 10%, to be determined by the directors, simply stated, does not constitute an offer upon which the appellee may rely for the payment of a bonus in return for any service which he might render. Such a representation is not unlike *Estate of Bogley v. United States,* 514 F.2d 1027, 1032 (Ct.Claims 1975), where a board of directors, by resolution, authorized the corporation to make lump sum payments to specific employees. The Court of Claims interpreted the resolution as only a statement of intent. It appears that an agreement which refers to a possible payment is also only a statement of intent. Even though the potential for a bonus is included as part of the appellee's compensation, appellee bargained for a mere expectation.

Since there was no agreement for a bonus for the three months in question, the court was in error in awarding a $1,500.00 bonus to Mr. Hopkins for May, June and July of 1970.

The judgment will be reversed in part and affirmed in part, with the District Court ordered to enter judgment for appellee in the reduced amount of $2,408.04.