DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRESIDIO, INC.,**
Appellant,

v.

**BRIAN FEENY,**
Appellee.

No. 4D2023-0045

[February 7, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gerard Joseph Curley, Judge; L.T. Case No. 502020CA002320.

Marie A. Borland and S. Gordon Hill, Jr., of Hill, Ward & Henderson, P.A., Tampa, for appellant.

Gabriel "Gabe" T. Roberts and Cathleen Scott of Scott Law Team, Jupiter, for appellee.

PER CURIAM.

Presidio, Inc., appeals the circuit court's order granting Brian Feeny's motion for summary judgment. The circuit court concluded that Presidio breached its contract with Feeny when it failed to pay Feeny, a former employee, a bonus for fiscal year 2018.

*i. Background*

Feeny worked for Presidio, Inc. from March 1, 2015, to October 29, 2019, as the Senior Director of Data Analytics in the IOT department. While employed, a Company Performance Plan governed Feeny's compensation. Presidio's employee performance plans were determined from a budget set by Presidio's Board of Directors, which was then passed on to each business unit responsible for setting its objectives. The plans changed yearly.

As in prior years, Feeny signed the plan in 2018. The 2018 document stated, in part:

This document summarizes the Performance Plan for the Sr. Director of Data Analytics objectives starting FY18. It is provided to clarify both the Individual's objectives as well as the incentive plan associated with meeting these objectives. All objectives are provided on a yearly basis unless otherwise specified. All Performance end Bonus plans are discretionary and subject to change based on individual or corporate performance.

In 2018, Presidio paid Feeny a $30,000 bonus. Since the IOT department met its objectives, Feeny expected an additional $68,250. When Presidio did not pay the additional $68,250, citing poor company performance, Feeny sued Presidio for breach of contract and unjust enrichment.

Presidio moved to dismiss the complaint and for summary judgment. Focusing on the Plan's language that all bonuses were "discretionary," Presidio argued the Plan was an illusory promise and not an enforceable contract. Presidio acknowledged the IOT met its objectives but stated that, as a whole, the company underperformed in 2018. Based on this underperformance, "Presidio . . . cut bonuses for . . . employees [across] the company."

Feeny also moved for summary judgment. He argued that Presidio's interpretation of the Plan ignored mandatory language stating, "the Annual Incentive will be paid out based on meeting the following objectives."

Finding the Plan was an enforceable contract, the circuit court agreed with Feeny and granted summary judgment.

## ii.  Analysis

On appeal, Presidio relies on the 2018 plan's discretionary language to argue it was within its right to withhold the additional monies based on the company's underperformance. Feeny responds the 2018 plan was an enforceable contract and his bonus vested once he satisfied the 2018 plan's metrics.

"An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008) (citations omitted). To show the contract existed, there must be: "(1) [an] offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the

2

essential terms." *Uphoff v. Wachovia Sec., LLC*, No. 09-80420-CIV, 2009 WL 5031345, at *2 (S.D. Fla. Dec. 15, 2009) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). Whether a bonus plan is a contract creating contractual obligations requires a similar analysis. Generally, however, these types of incentive plans do not rise to the level of an enforceable contract.

An incentive that is vague, indefinite, or otherwise incalculable suggests a discretionary bonus. For example, in *Rionda v. HSBC Bank U.S.A., N.A.*, No. 10-20654-CIV, 2010 WL 5476725, at *1 (S.D. Fla. Dec. 30, 2010), an employee was terminated before receiving his bonus. The bonus policy stated, in part, that "[a]ll bonuses are strictly discretionary and may be awarded or not awarded at the sole discretion of the Company." *Id.* The court noted that "[f]or a contract to be enforceable, the parties' purported agreement must evidence a meeting of the minds regarding the essential terms of the contract." *Id.* at *8 (citations omitted). Because the bonus amount was not discussed, the court concluded an essential element of a contract was missing. *Id.* Furthermore, the compensation policy expressly stated that bonuses were "strictly discretionary," and the company reserved the right to "add, amend, or discontinue . . . all salary administration programs . . . including . . . bonuses." *Id.*

Similarly, in *Parrish v. General Motors Corp.*, 137 So. 2d 255 (Fla. 2d DCA 1962), the employee's bonus plan included discretionary language in multiple sections of the plan. *Id.* at 256–57. The company retained "[f]ull power and authority to construe, interpret and administer this plan" and had "discretion with respect to the determination of each bonus award." *Id.* at 256. The Second District concluded that the bonus plan "partakes of gratuity while lacking essential elements of contractual obligation." *Id.* at 258. Furthermore, "[u]nder said plan an employee is at all times charged with knowledge that a bonus award may be granted or withheld as to any employee at the discretion of the employer." *Id.*

In this case, Feeny's performance plan contained a number and methodology to calculate his bonus amount. As such, the bonus was not vague and incalculable. *See Rionda*, 2010 WL 5476725, at *1. However, Feeny's Plan lacked any indication that it was meant to be part of his employment agreement. *See OneSource Facility Servs., Inc. v. Mosbach*, 508 F. Supp. 2d 1115, 1123–24 (M.D. Fla. 2007) (emphasizing the document's discretionary language and concluding it did not include language showing it was intended to be part of the plaintiff's employment agreement). The Plan included discretionary language conditioning the bonus on individual and company performance. *See Rustand v. Verizon*

*Bus. Network Servs. LLC*, No. 21-CV-1518, 2022 WL 15523060, at *2–3 (M.D. Fla. Oct. 27, 2022) (finding no contract existed because the plans did not contain language showing they constituted binding employment contracts, "expressly disavow[ed] any guarantee of" compensation or benefits, and the company retained the discretion "to change or discontinue the [p]lans at any time") (internal quotations omitted).

In sum, Presidio retained the right to change the bonus plan at its discretion and, importantly, based on corporate performance. As a result, Feeny's bonus was discretionary, and the court erred when it entered summary judgment in Feeny's favor.

### *iii. Conclusion*

The circuit court's final summary judgment is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4