[No. 7397.   Decided August 6, 1908.]

EBERHARD ENGELKER, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

TRIAL—INSTRUCTIONS—REQUESTS. It is not error to refuse requested instructions that are covered in the general charge.

STREET RAILWAYS—NEGLIGENCE—VIOLATION OF SPEED ORDINANCE—COLLISION WITH VEHICLE—INSTRUCTIONS. An instruction to the effect that it would be negligence if a street car that collided with a vehicle was exceeding the speed limit in the business or settled district of a city, is not objectionable as authorizing a recovery regardless of the negligence of the plaintiff, when other instructions required that plaintiff be in the exercise of ordinary care.

SAME—VIOLATION OF ORDINANCE AS NEGLIGENCE. Violation of a city ordinance, by exceeding the speed limit in the business or settled district of a city, constitutes negligence.

SAME—INSTRUCTIONS. In an action for injuries sustained by the driver of a wagon in a collision with a street car, it is not prejudicial error in giving a requested instruction as to the plaintiff's contributory negligence, if the jury find that "the car was running at ordinary rate of speed" for the court to add "that is, not exceeding twelve miles an hour," which was the prescribed speed limit alleged to have been violated, when read in connection with other proper instructions as to the care to be exercised by the plaintiff.

[1]Reported in 96 Pac. 1039.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 7, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in consolidated actions, for damages sustained in a collision with a street car. Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.
*Brightman & Tennant*, for respondent.

HADLEY, C. J.—Two actions involved in this appeal were tried together. One was to recover damages for personal injuries to the driver of a team, and the other to recover for injuries to the team, wagon and harness, the latter being owned by the driver and another, one Schmidt, as partners, doing business under the name of Star Bakery. The injuries resulted from a collision between one of appellant's street cars and the team and wagon driven by the plaintiff Engelker. It was alleged that the collision was due to the negligence of the defendant in the operation of its car. The defendant denied negligence on its part, and alleged contributory negligence on the part of the driver of the team. There was evidence to the effect that practically the entire east side of the street, from the sidewalk to the car track, was obstructed for some distance by reason of street repairs, so that teams could not be driven on that side of the street; that when teams came to this obstructed part of the street, they were compelled to drive onto the street railway track, and after passing the obstructions, they were turned back to the unobstructed driveway; that in this manner the team was being driven around the obstructions, and that just as the driver had turned his horses for the purpose of driving off the track, the wagon was struck from the rear by the car. A verdict was returned against the defendant in each action, and it has appealed.

A number of errors are assigned upon the refusal of the court to give certain instructions as requested. To set out all of these requests, and the instructions actually given bear-

ing upon the same matters, would require more space than we think necessary. It is sufficient to say that we believe all proper points included in the requests for instructions were amply and fairly covered by those given. There was, therefore, no prejudice to the defendant in this particular.

It is assigned that the court erred in giving the following instruction:

"It is admitted, gentlemen, that there is an ordinance of the city of Seattle which limits the rate of speed of street cars in the business or settled residential district to twelve miles an hour. I instruct you that if you find from the evidence that this accident or collision occurred in the business or settled residential district of the city of Seattle, and that at the time of the accident the street car was going at a greater rate than twelve miles per hour, then that would constitute negligence upon the part of the defendant."

It is argued that the above instruction both declares that it was negligence *per se* to drive the car at a greater speed than twelve miles per hour, and also that the failure of the driver of the wagon to avoid the collision, if he could have done so by the exercise of ordinary care after seeing the car, would not relieve appellant of liability. The latter part of the contention we think is wholly unsustained. It was made clear by other instructions that it was the duty of the driver to exercise ordinary and reasonable care under all the circumstances, and that in the absence of such care recovery could not be had. The declaration of the instruction, that if the speed limit established by ordinance was exceeded it constituted negligence, was a practical repetition of an instruction given in *Traver v. Spokane Street R. Co.*, 25 Wash. 225, 65 Pac. 284. It was held there that the statement in the instruction was not erroneous when taken in connection with other statements in the instructions which made it clear that the injury must have resulted from the defendant's negligence. It was also clear from the instructions in the case at bar that, before recovery could be had, the jury were required to find

that the injuries were due to the negligence of appellant. To the doctrine that exceeding the lawful speed limit constitutes negligence this court has already subscribed in the *Traver* case. The doctrine is sustained by much authority. It is held by some courts that the fact of exceeding the lawful limit shall not be taken as negligence but as mere evidence of negligence. We prefer to adhere to the doctrine that a thing which is done in violation of positive law is in itself negligence. Appellant argues that instances might arise where the excessive speed would be justifiable. If such a case is conceivable, then the peculiar facts which would justify it would have to be presented under appropriate pleadings as a defense. No such contention is made in this case. Appellant simply contents itself with denying that it exceeded the speed limit.

Objection is made to the following instruction, which was given by the court:

"You are instructed that if you find from the evidence that the car was running at an ordinary rate of speed, that is, not exceeding twelve miles per hour, and that the bell or gong had been sounded and that the plaintiff, suddenly and without warning and under circumstances which were not reasonably to be expected, drove upon the track of the defendant in close proximity to the car of the defendant and at a time when it was not prudent to do so, then in that event the plaintiff would not be exercising ordinary care or prudence."

The above instruction was given in the exact words requested by the appellant, except that the court added the words, "that is, not exceeding twelve miles per hour." It is contended that the court erred in modifying the requested instruction, and that the effect of the instruction as given was to say to the jury that, if they found the speed limit of twelve miles per hour was exceeded, then the car was not running at an ordinary rate and the other precautions in the instructions, concerning the duty of the respondent to observe care and prudence, became immaterial. We think the ordinary mind

would not so understand the instruction when read alone, and certainly not so when read in connection with others given, which positively declared that the respondent could not recover unless he exercised that degree of care which an ordinarily prudent person would have exercised under like circumstances.

We think there was no prejudical error, and that a new trial was properly denied. The judgment is affirmed.

Fullerton, Mount, and Crow, JJ., concur.