Jennie ROSS, Appellant,

v.

Lois PUGH, Executrix of the Estate of Edward E. Pugh, Deceased, Respondent.

No. 22118.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1955.

Blackford & Compton, J. William Blackford, Charles N. Compton, Kansas City, for appellant.

Popham, Thompson, Popham, Mandell, Trusty & Green, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued Edward Pugh for damages growing out of an alleged assault and battery. Before the cause was tried defendant was killed in an automobile accident. Upon motion of the executrix the action was dismissed with prejudice, on the ground that it abated upon defendant's death, and that Section 537.030 RSMo 1949, V.A.M.S., forbade its revival. Plaintiff has appealed.

Sections 537.010 and 537.020 provide that certain tort actions shall survive the death of either party. However, Section 537.030 provides that the provisions of the above-mentioned sections "shall not extend to actions for slander, libel, assault and battery or false imprisonment." If this case is ruled by the last quoted section of the statutes the cause of action does not survive.

However, plaintiff contends that the cause of action sued on arose September 2, 1949, before Section 537.030 RSMo 1949, V.A.M.S., became effective, that that section is not applicable. This contention is founded upon plaintiff's theory that, prior to the effective date of the above statute (March, 1950), such an action as the one at bar could be revived upon the death of either party.

In our view of this case, we do not deem it necessary to discuss the last mentioned argument. This field is exhaustively treated in a fine opinion by Commissioner Fitzsimmons in Burg v. Knox, 334 Mo. 329, 67 S.W.2d 96.

The cause of action at bar arose September 2, 1949. Suit thereon was instituted on June 19, 1951, and was pending when the alleged wrongdoer died, April 16, 1953. This suit was not even pending when the present statute, Section 537.030 RSMo 1949, V.A.M.S., became effective (if that fact is of importance). From its effective date there has not been, in Missouri, any statute providing for the survival of an action such as this.

In Mennemeyer v. Hart, 359 Mo. 423, 221 S.W.2d 960, 964, the Supreme Court said: " * * * in determining whether a right of action survives the death of the wrongdoer, the statutes in force at the time of the wrongdoer's death, and not those at the time the action is pending, are controlling." To the same effect see 1 C.J.S., Abatement and Revival, § 133, p. 182.

At common law an action for assault and battery did not survive the death of either party. It can now survive only if survival is provided by the statutes in effect at the time of the wrongdoer's death. Since there was no such statute in effect on April 16, 1953, the action abated and cannot be revived.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.