[No. 36153. Department Two. March 21, 1963.]

AL ENGEN et al., *Appellants*, v. M. L. ARNOLD et al.,
*Respondents.**

Gregory Nelson, O. M. Nelson, and John Kirkwood, for
appellants.

Parker & Parker, for respondents.

*Reported in 379 P. (2d) 990.

HAMILTON, J.—Plaintiff Al Engen, a partner in the M. K. E. Lumber Co., a lumber milling operation, was injured while participating with defendant M. L. Arnold, a part-time logger, in unloading logs from the defendants' logging truck in the yard of the M. K. E. Lumber Co. The injury was occasioned by logs rolling from the truck contrariwise to the direction intended. Plaintiffs instituted suit claiming damages for personal injuries and medical and hospital expenses.

The issues of negligence, contributory negligence, and causal relation revolve about plaintiffs' allegation of defective truck equipment, and defendants' allegations of inadequate unloading facilities and safety devices at plaintiffs' mill.

Both plaintiff Al Engen and defendant M. L. Arnold were self-employed and, although engaged in extrahazardous work, neither, so far as the record indicates, had elected to be covered by industrial insurance.

Essentially, the trial court submitted to the jury plaintiffs' claim of negligence under the doctrine of res ipsa loquitur, and defendants' claim of contributory negligence upon a failure of plaintiffs' company to comply with safety regulations promulgated for log and milling operations by the Department of Labor and Industries.

The jury returned a verdict for defendants. Plaintiffs appealed, assigning error to the giving of certain instructions.

Pending appeal, plaintiff Al Engen died. Defendants moved to dismiss the appeal upon the grounds that plaintiffs' action abated upon the death of Engen, and further that Laws of 1961, chapter 137, p. 1681 (cf. RCW 4.20.046), violates Const. Art. 2, § 19.

We will first consider defendants' motion to dismiss.

Laws of 1961, chapter 137, p. 1681 (cf. RCW 4.20.046), provides:

"SECTION 1. There is added to chapter 4.20 RCW a new section to read as follows:

"(1) All causes of action by a person or persons against another person or persons shall survive to the personal

representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this act: *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased. The liability of property of a husband and wife held by them as community property to execution in satisfaction of a claim enforceable against such property so held shall not be affected by the death of either or both spouses; and a cause of action shall remain an asset as though both claiming spouses continued to live despite the death of either or both claiming spouses.

"(2) Where death or an injury to person or property, resulting from a wrongful act, neglect or default, occurs simultaneously with or after the death of a person who would have been liable therefor if his death had not occurred simultaneously with such death or injury or had not intervened between the wrongful act, neglect or default and the resulting death or injury, an action to recover damages for such death or injury may be maintained against the personal representative of such person.

"Sec. 2. Section 659, page 165, Laws of 1869, section 722, page 146, Laws of 1877, section 718, Code 1881 and RCW 4.20.040; section 1, chapter 73, Laws of 1953 and RCW 4-.20.045; section 149, chapter 156, Laws of 1917 and RCW 11.48.100; section 150, chapter 156, Laws of 1917 and RCW 11.48.110 are each repealed: *Provided,* That all causes of action arising or surviving under any of these statutes prior to the effective date of their repeal shall survive and be enforceable as though these statutes were in full force and effect."

The effective date of this statute was June 8, 1961. Plaintiff Al Engen was injured January 21, 1960. The verdict, favorable to the defendants, was rendered April 18, 1961, and judgment entered thereupon on May 19, 1961. This appeal was timely initiated and, on April 16, 1962, plaintiff Al Engen died.

Defendants assert plaintiffs' action should abate because (a) plaintiffs' cause of action arose prior to June 8, 1961, and was not then survivable; and (b) Laws of 1961, chap-

ter 137, p. 1681 (*cf.* RCW 4.20.046), was not legislatively intended to, and cannot constitutionally, operate retroactively.

Defendants' contention would be well taken had plaintiff Al Engen died prior to June 8, 1961. This event, however, did not so occur. The first time the question of survival of this action arose was at the time of death. Chapter 137 was then in full force and effect. Absent legislative expression to the contrary, this statute properly controls. *Houston & Texas Central R. Co. v. Rogers,* 15 Tex. Civ. App. 680, 39 S. W. 1112; *City of Marshall v. McAllister,* 18 Tex. Civ. App. 159, 43 S. W. 1043; *Missouri, Kansas & Texas R. Co. v. Settle,* 19 Tex. Civ. App. 357, 47 S. W. 825; *Pritchard v. Savannah Street & Rural Resort R. Co.,* 87 Ga. 294, 13 S. E. 493, 14 L. R. A. 721. Compare, too, *Gorlitzer v. Wolffberg,* 208 N. Y. 475, 102 N. E. 528, *Mennemeyer v. Hart,* 359 Mo. 423, 221 S. W. (2d) 960; *Ross v. Pugh,* 277 S. W. (2d) 688 (Mo.); *Smith v. Finley,* 112 Cal. App. (2d) 599, 246 P. (2d) 989; *Lebkicher v. Crosby,* 123 Cal. App. (2d) 631, 267 P. (2d) 361; 16 C. J. S., Constitutional Law § 264, p. 1257.

Defendants, however, contend that by inclusion, in chapter 137, *supra,* of provisions relating to community property liability and wrongful death actions, together with the language of the savings clause, the legislature evinced an affirmative intent that the act should operate only upon causes of action arising after the effective date of the legislation.

We disagree. A reading of chapter 137, as a whole, against the backdrop of the legislative and decisional history preceding it,[1] convinces us that the legislature was intent on preserving causes of action, rather than pleas of abatement, and that the portions of the statute in question were appended with this concept in view.

Defendants lastly contend that because chapter 137, *supra,* contains provisions dealing with survival of actions,

---

[1] 28 Wash. L. Rev. 201; 36 Wash. L. Rev. 331.

community property liability, and wrongful death actions, it violates Const. Art. 2, § 19, which provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

In applying this section of our constitution, we have stated the rule, in *Gruen v. State Tax Comm.*, 35 Wn. (2d) 1, 22, 211 P. (2d) 651, as follows:

" . . . Where the title of a legislative act expresses a general subject or purpose which is single, all matters which are naturally and reasonably connected with it, and all measures which will, or may, facilitate the accomplishment of the purpose so stated, are properly included in the act and are germane to its title."

The title of chapter 137, *supra,* reads:

"AN ACT relating to survival of actions; adding a new section to chapter 4.20 RCW; repealing section 659, page 165, Laws of 1869, section 722, page 146, Laws of 1877, section 718, Code 1881 and RCW 4.20.040; repealing section 1, chapter 73, Laws of 1953 and RCW 4.20.045; repealing section 149, chapter 156, Laws of 1917 and RCW 11.48.100; and repealing section 150, chapter 156, Laws of 1917 and RCW 11.48.110."

■ We are satisfied that the provisions relating to community property liability, and wrongful death actions are naturally, reasonably, and, at least, indirectly connected with the subject of survival of actions. Accordingly, we hold that Const. Art. 2, § 19, has not been violated.

We conclude, upon defendants' motion to dismiss, that plaintiffs' action survives to the extent of such alleged claims of damage as are permitted by the terms of chapter 137.

Turning then to plaintiffs' assignments of error, plaintiffs first urge the trial court erred in giving three instructions, the essence of which are that violation of certain safety rules, promulgated by the Department of Labor and Industries and quoted in the instructions, constituted contributory negligence as a matter of law. As heretofore indicated, both plaintiff Al Engen and defendant M. L. Arnold

were self-employed, and neither had elected to bring himself under the Workmen's Compensation Act.

In *Pink v. Rayonier, Inc.*, 42 Wn. (2d) 768, 771, 259 P. (2d) 629, by way of dictum, we stated:

"In passing, we note that each party contends that certain safety standards or regulations of the department of labor and industries were violated by the other. However, in view of the fact that the appellant in the instant case had not elected to be covered by the provisions of the workmen's compensation act, the safety standards or regulations would not seem to be applicable. . . ."

Resort to and review of organic legislation (Laws of 1919, chapter 130, p. 309), concerning promulgation of safety rules and regulations by the Department of Labor and Industries, and particularly to the penalty provisions thereof, satisfies us that the legislature intended such to be applicable to those employers and workmen who were covered by industrial insurance.

Accordingly, it is our conclusion that, while violation of such rules and regulations may, in a case such as this, afford some evidence of negligence, a violation thereof by one not covered by the Workmen's Compensation Act, even though engaged in an extrahazardous occupation, does not constitute negligence as a matter of law. The trial court erred in so instructing the jury in the instant case.

Plaintiffs' remaining assignments of error relate to other instructions given and refused. Except as to instruction No. 9, we are satisfied that, on retrial, the instructions will be redrafted to be consistent with our holding in connection with the applicability of the safety rules of the Department of Labor and Industries, and, so far as the defense of assumption of the risk be concerned, in consonance with our holding in *Siragusa v. Swedish Hospital,* 60 Wn. (2d) 310, 373 P. (2d) 767.

Instruction No. 9, reciting the duty of one to see those objects which he would have seen had he been exercising care, would appear, upon the basis of the record before us, to be inappropriate. It would appear that the only observations defendants contend plaintiff Al Engen could

have been called upon to make, within the contemplation of the instruction, would be that of the action of the logs upon the truck. He stated he saw such, but did not have time to avoid injury. Whether he should have stepped back before or after the logs rolled relates to the use of his senses and faculties generally, upon which the jury was otherwise instructed.

Defendants, pursuant to Rule on Appeal 16, RCW Vol. 0, have made four assignments of error, the first being in connection with the trial court's denial of defendants' motion for dismissal at the conclusion of the evidence, and the remaining three upon the basis of instructions given and refused.

Our review of the record satisfies us that the trial court did not err in denying defendants' motion for dismissal at the conclusion of the evidence.

The second and third assignments relate to instructions dealing with the doctrine of res ipsa loquitur.

The situation presented in the instant case, by plaintiffs' evidence, involved the sudden and unexpected release of two log-retaining stakes, one at each end of the load of logs in question. The cause of their release was the breakage, shearing, or slippage of the chains supporting them, events which occur if such chains are too light, improperly adjusted, or inadequately secured. The plaintiffs introduced evidence from which the jury could have found the defendants' chains too light, improperly adjusted, or inadequately locked. The cause of the occurrence was explained. The doctrine of res ipsa loquitur should not have been submitted to the jury. *Emerick v. Mayr,* 39 Wn. (2d) 23, 234 P. (2d) 1079; *Chase v. Beard,* 55 Wn. (2d) 58, 346 P. (2d) 315.

Defendants by their final assignment assert that a proposed instruction upon unavoidable accident should have been given. Under the evidence in this case, the trial court did not err in refusing such request for the reasons stated in *Handler v. Osman,* 60 Wn. (2d) 800, 376 P. (2d) 439.

In summary, defendants' motion to dismiss plaintiffs' action because of plaintiff Al Engen's death is denied. The judgment entered is reversed, and a new trial granted for the reasons herein stated, limited to such claims of damage as fall within the scope of RCW 4.20.046. Costs of appeal will abide the result.

OTT, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.