[No. 676-1. Division One—Panel 1. November 8, 1971.]

RICHARD THORPE, *Respondent*, v. THE BOEING COMPANY, *Defendant,* AUSTIN COMPANY, *Appellant.*

*Guttormsen, Scholfield, Willits & Ager* and *Jack O. Scholfield,* for appellant.

*Levinson & Friedman, Harold F. Vhugen, Murray, Dun-ham & Waitt,* and *Robert K. Waitt,* for respondent.

WILLIAMS, J.—Richard Thorpe brought this action to recover for injury to his leg, which injury occurred when he was working for a subcontractor of defendant, Austin Company, which was engaged as the general contractor in construction of a large building for The Boeing Company. The cause was tried to the court, sitting without a jury, and resulted in the entry of findings of fact, conclusions of law, and judgment in favor of the plaintiff for $105,536 and against the Austin Company. The other defendant, The Boeing Company, was dismissed. Defendant, Austin Company, appeals.

The facts may be summarized as follows: The accident out of which the litigation arose happened inside the building which was then partially constructed. Respondent was the oiler of a large backhoe of the subcontractor. His duties included guiding the operator of the hoe by manual signals.

At the place of the accident, a heavy electric cable was suspended above the ground spanning a distance of about 60 feet. Upon coming to this cable, the hoe was halted to avoid contact between the upper portion of the machine and the cable. A man, who respondent testified was in a supervisory capacity with appellant, told respondent to get a long two-by-four and raise the cable. Respondent secured a two-by-four, was unable to raise the cable alone, but with the help of a truck driver, did so. As the cable was being held up, the machine moved forward at a speed of slightly less than 1 m.p.h. Respondent's foot was caught under one of the tracks and his leg was then crushed.

The principal questions involved are first: What was the legal duty, if any, which appellant owed to respondent? and second: Is there substantial evidence to support the findings of the trial court? As to the first question, appellant contends that it owed respondent, who was in the status of an invitee as a workman of a subcontractor,

[t]he duty . . . to exercise reasonable care to maintain the premises in a reasonably safe condition, *or* to warn the invitee of any danger which is known or discoverable by a reasonable inspection on the part of the occupier and not known or not discoverable by the invitee using reasonable care for his own protection. *Greenleaf v. Puget Sound Bridge & Dredging Co.,* 58 Wn. (2d) 647, 364 P. (2d) 796 (1961) . . .

(Italics ours.) *Hartman v. Port of Seattle,* 63 Wn.2d 879, 389 P.2d 669 (1964).

Appellant believes this means that the duty is in the alternative; the occupier shall either maintain the premises in a reasonably safe condition *or* warn an invitee of hidden danger. Therefore, it is argued, because in this case there was nothing hidden, appellant discharged his responsibility to respondent. The answer to this is found in *Meyers v. Syndicate Heat & Power Co.,* 47 Wash. 48, 91 P. 549 (1907), quoted with approval in *Greenleaf v. Puget Sound Bridge & Dredging Co.,* 58 Wn.2d 647, 364 P.2d 796 (1961), which sets forth the following rule on the duty owed by a contractor to the employee of a subcontractor:

[T]he rule is that the servant of an independent contractor engaged in work for the contractor on the premises of the proprietor [in this case appellant as the party in control of the building] is deemed to be thereon by invitation of the proprietor; and the proprietor owes him the same duty to provide for his safety that it owes to the contractor himself; namely, that he will maintain the premises in a reasonably safe condition for the uses the contractor or servant is entitled to make of them, *and* will not expose him to hidden dangers of which he is not aware, but which are known to the employer. Thompson, Negligence, §§ 680, 968, 979 . . .

(Italics ours.)

Irrespective of the condition of the place of work, which the court determined was unsafe because of the sagging cable, the court found appellant was negligent in requesting respondent to stand in a position of peril while looking up under considerable exertion. This maneuver also deprived the hoe operator of a lookout. The question pre-

sented here was asked in *Greenleaf v. Puget Sound Bridge & Dredging Co., supra* at 652: "Was there any evidence from which the jury could have found that respondent was negligent, and that such negligence was a proximate cause of appellant's injury?"

It would serve no useful purpose to restate the testimony. Suffice it to say that there is sufficient evidence in the record to support the findings of the trial court as to the negligence of appellant and the lack of contributory negligence or assumption of risk on the part of respondent.

As to appellant's other assignments of error, the trial court found that respondent was not a loaned servant. This finding is borne out by the record when read in the light of *Ackerman v. Terpsma*, 74 Wn.2d 209, 445 P.2d 19 (1968); *Pichler v. Pacific Mech. Constrs.*, 1 Wn. App. 447, 462 P.2d 960 (1969).

 It was proper to admit into evidence safety standards of the Department of Labor and Industries concerning clearance of electrical conductors. This evidence had a bearing upon the question of negligence. *Nordstrom v. White Metal Rolling & Stamping Corp.*, 75 Wn.2d 629, 453 P.2d 619 (1969); *Vogel v. Alaska S.S. Co.*, 69 Wn.2d 497, 419 P.2d 141 (1966).

The judgment is affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied January 17, 1972.

Review denied by Supreme Court February 24, 1972.