[No. 44345. En Banc. August 25, 1977.]

LARRY LEE BAYNE, *Petitioner*, v. TODD SHIPYARDS
CORPORATION, *Respondent.*.

*Olwell, Boyle & Hattrup*, by *Lee Olwell*, for petitioner.

*Raymond D. Ogden, Jr.*, and *Lawrence B. Lundberg* (of
*Ogden, Ogden & Murphy*), for respondent.

*Robert H. Aronson* on behalf of University of Washington Appellate Advocacy Program, amicus curiae.

BRACHTENBACH, J.—Plaintiff sued for personal injuries sustained while unloading goods being delivered to defendant's premises. Plaintiff was not an employee of the defendant, but rather of the trucking company engaged in the delivery. While unloading those goods, plaintiff fell from a loading platform. Plaintiff contended that the defendant's loading platform lacked a guardrail required by a safety standard regulation promulgated by the Department of Labor and Industries, pursuant to statute. The trial court refused to instruct that violation of that administrative regulation was negligence per se, but did instruct that it was evidence of negligence. In a per curiam, unpublished opinion, the Court of Appeals affirmed a judgment for the defendant, based upon a jury verdict. We granted review limited to the sole issue whether violation of an administrative safety regulation is negligence per se or only evidence of negligence. We reverse.

The statute in effect at the time of the injury imposed a duty upon the Director of Labor and Industries to promulgate safety regulations to furnish workers a place of work which is as safe as is reasonable and practicable under the circumstances, surroundings and conditions. RCW 49.16-.030, .050. RCW 49.16 was repealed and replaced by Laws of 1973, ch. 80, codified in RCW 49.17.

Pursuant to this authority, the Director of Labor and Industries adopted WAC 296–25–515:

> (1) All elevated walks, runways or platforms, except on loading or unloading sides of platforms, if four feet or more from the floor level, shall be provided with a standard railing on platforms. If height exceeds six feet, a toe–board shall be provided, to prevent material from rolling or falling off.

WAC 296–25–515, replaced by supplement No. 13, 7–1–74.

We have long been committed to the principle that violation of an applicable statute or ordinance is negligence

per se. *Engelker v. Seattle Elec. Co.,* 50 Wash. 196, 96 P. 1039 (1908); *Portland–Seattle Auto Freight, Inc. v. Jones,* 15 Wn.2d 603, 607, 131 P.2d 736 (1942). This is the majority rule. W. Prosser, *Handbook of the Law of Torts* § 36, at 200 (4th ed. 1971).

However, the courts are divided on the question whether violation of an administrative regulation is evidence of negligence or negligence per se. Prosser, *supra* at 201 n.30. Morris, *The Role of Administrative Safety Measures In Negligence Actions,* 28 Tex. L. Rev. 143 (1949).

■ By our decision in *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972), we already have aligned ourselves with those jurisdictions which hold that under appropriate circumstances violation of an administrative order is negligence per se. In *Kness* a regulation had been adopted limiting the hours of work for a minor. The regulation was based on a rather broad statute authorizing the administrative establishment of standards of wages and conditions of labor for women and minors. RCW 49.12.030 and .120. In holding violation of the regulation was negligence per se we said:

> In deciding whether violation of a public law or *regulation* shall be considered in determining liability, the *Restatement (Second) of Torts* § 286 (1965) properly states the rules:
>
>> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment *or an administrative regulation* whose purpose is found to be exclusively or in part
>>
>> (a) to protect a class of persons which includes the one whose interest is invaded, and
>>
>> (b) to protect the particular interest which is invaded, and
>>
>> (c) to protect that interest against the kind of harm which has resulted, and
>>
>> (d) to protect that interest against the particular hazard from which the harm results.
>>
>> This court has substantially adhered to these principles in a number of cases: . . .

(Citations omitted. Italics ours.) *Kness v. Truck Trailer Equip. Co., supra* at 257.

In this case we had a somewhat more specific statutory directive to adopt standards of safety to make safe the place of work of workmen. RCW 49.16.030 and .050.

This is not an instance of violation of some obscure bureaucratic edict. Under the statute in effect when this regulation was adopted, the Director of Labor and Industries was required to hold a public hearing to consider new standards, or changes or modifications of existing standards. Employers and workmen or their representatives could attend such hearing and present testimony. RCW 49.16.080. Written notice of the hearing had to be mailed to *each* employer whose class or establishment was affected. RCW 49.16.090.

We perceive no reason why such a regulation should be of any less force, effect or significance than a municipal ordinance. We are not alone in this result. *See Porter v. Montgomery Ward & Co.,* 48 Cal. 2d 846, 313 P.2d 854 (1957); *Pierson v. Holly Sugar Corp.,* 107 Cal. App. 2d 298, 237 P.2d 28 (1951); *Hyde v. Connecticut Co.,* 122 Conn. 236, 188 A. 266 (1936); *Maner v. Dykes,* 55 Ga. App. 436, 190 S.E. 189 (1937); *Anderson v. Blackfoot Livestock Comm'n Co.,* 85 Idaho 64, 375 P.2d 704 (1962); *Phoenix Amusement Co. v. White,* 306 Ky. 361, 208 S.W.2d 64 (1948).

█ Defendant contends that plaintiff was not within the protected class because he was not an employee of the defendant. The statute requires a safe place of work for workmen. It does not limit it to employees of the defendant employer. A worker who is lawfully on the premises in pursuit of his own employment and at the invitation of the third party, defendant here, is entitled to the benefit of the statute and the regulation. *See Pierson v. Holly Sugar Corp., supra,* which so holds, stating that the regulation was a safeguard for the public generally which necessarily included a workman making a delivery who was not an

employee of the defendant. Extension of the protection of the regulation to the public generally is not before us.

Finally it is necessary to deal with the defendant's argument that we have a contrary line of cases which were not dealt with in the *Kness* case. Admittedly there has been at least some confusion in our cases concerning the main question. Defendant relies on six cases for its argument that violation of an administrative regulation is only evidence of negligence. Four of those cases are distinguishable and two are in error.

In *Engen v. Arnold,* 61 Wn.2d 641, 379 P.2d 990 (1963), the trial court held that violation of safety rules promulgated by the Department of Labor and Industries was contributory negligence as a matter of law. The plaintiff had not elected to be covered by the workmen's compensation act. We held at page 646 that

[W]hile violation of such rules and regulations may, in a case such as this, afford some evidence of negligence, a violation thereof by one not covered by the Workmen's Compensation Act, even though engaged in an extrahazardous occupation, does not constitute negligence as a matter of law.

We did not hold that in an appropriate case violation would not be negligence per se.

In *Vogel v. Alaska S.S. Co.,* 69 Wn.2d 497, 419 P.2d 141 (1966), and *Cresap v. Pacific Inland Navigation Co.,* 78 Wn.2d 563, 478 P.2d 223 (1970), we were concerned with alleged violations of federal safety regulations governing stevedore employers. The defendant there was not such an employer but was the owner of the ship on which the stevedoring work was being done and who had a legal duty to furnish a seaworthy vessel. We held the regulations to be admissible against the shipowner and a violation of them to be evidence of negligence because

they give expression to the minimum standards which must be met in order to render conditions aboard the vessel safe, and hence seaworthy.

*Vogel v. Alaska S.S. Co., supra* at 503. That is, the regulations were objective criteria of seaworthiness and though not binding on that defendant were evidence of negligence. Here, the defendant is covered by the workmen's compensation act and is an employer intended to be governed by the regulation.

Next, defendant cites *Nordstrom v. White Metal Rolling & Stamping Corp.*, 75 Wn.2d 629, 453 P.2d 619 (1969). That case dealt with standards adopted by a trade association. We held that such voluntary standards are relevant on the standard of care, but not determinative. Such standards simply do not have the force of a statute, ordinance or statutorily authorized administrative regulation.

*Thorpe v. Boeing Co.*, 5 Wn. App. 706, 490 P.2d 448 (1971), and *Loyland v. Stone & Webster Eng'r Corp.*, 9 Wn. App. 682, 514 P.2d 184 (1973), held that Department of Labor and Industries safety standards are only evidence of negligence. *Thorpe* erroneously relied upon *Nordstrom* and *Vogel,* failing to draw the distinctions we note here. *Loyland* then relied entirely on *Thorpe.* We do not agree with those cases as they relate to the violation of statutorily authorized administrative regulations.

The judgment is reversed and a new trial ordered.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, HOROWITZ, and DOLLIVER, JJ., concur.

HICKS, J. (dissenting)—I dissent. Administrative agencies have a penchant for spawning regulations without end. As a Member of Congress, I served on a subcommittee that had occasion to evaluate regulations promulgated under the Occupational Safety and Health Act (OSHA). While these regulations were generally most appropriate, they were unnecessary, impractical or picayunish (Mickey Mouse) often enough to give me concern as to making violation of any one of them negligence per se in every instance in a damage action.

The court is setting policy in this case and I have no quarrel with that. However, I am more comfortable with the rule that violation of administrative regulations be submitted to the trier of fact as evidence of negligence, as the trial court did in this case, rather than to be submitted as negligence as a matter of law. In my view, when violations of regulations are submitted as evidence of negligence, the trier of fact has a better opportunity to use common sense and reach a more nearly just result between the parties.

Until this case, the state of the law in this jurisdiction did not compel the result the majority reaches. Based on past decisions of this court, I believe the Court of Appeals was correct in both *Thorpe v. Boeing Co.,* 5 Wn. App. 706, 490 P.2d 448 (1971), and *Loyland v. Stone & Webster Eng'r Corp.,* 9 Wn. App. 682, 514 P.2d 184 (1973).

I do not read *Vogel v. Alaska S.S. Co.,* 69 Wn.2d 497, 419 P.2d 141 (1966), as does the majority and I find it in point in the instant case.' *Vogel* relied on *Provenza v. American Export Lines, Inc.,* 324 F.2d 660 (4th Cir. 1963), *cert. denied,* 376 U.S. 952, 11 L. Ed. 2d 971, 84 S. Ct. 970 (1964). *Provenza* was similar to the case at bench except that the trial court refused to admit into evidence for any purpose pertinent administrative regulations. (On appeal, case was reversed with regulations to be admitted in evidence on retrial.) The regulations had been promulgated by the Secretary of Labor pursuant to a mandate of Congress. (33 U.S.C.A. § 941, *et seq.*)

The majority distinguishes the instant case from *Vogel* on the ground that the federal safety regulations governed stevedore employers and the suit was against the shipowner, whose duty was to furnish a seaworthy ship.

*Provenza v. American Export Lines, Inc., supra* at 665 does not find that distinction:

> Prior to the enactment of 33 U.S.C.A. § 941 and the promulgations of the regulations thereunder what constituted negligence or unseaworthiness was to be determined by the jury under the definitions laid down by the courts. Now, with respect to longshoring, the statute law

of the United States has laid down definite standards, and we think the plaintiff longshoreman is entitled to have those standards applied to both the defendants in this case.

Both defendants, in the quote above, refer to the shipowner and the stevedore employer.

In *Vogel,* at page 501 we say, "*Provenza* makes the regulations applicable to a nonemployer shipowner." We go on at page 503 to hold, "[t]he regulations are 'applicable'" to the shipowner "in that they give expression to the minimum standards which must be met in order to render conditions aboard the vessel safe, and hence seaworthy." In *Provenza* the regulations were, on retrial, to be submitted to the jury as evidence and, in *Vogel* the regulations were approved as having been submitted as evidence of the minimum standard required in order to render conditions aboard the vessel safe. There is no distinction, in my opinion, between *Vogel* and this case.

In the instant case, WAC 296–25–515 and its supplement No. 13, 7–1–74 do no more than provide an administratively approved standard of safety. By the fiat of this court, the violation of such administratively promulgated standard now becomes negligence as a matter of law in every instance in a damage action. I believe the better course to be to stay with *Vogel, Thorpe* and *Loyland,* and submit the regulation to the trier of fact only as evidence of an approved standard, as the trial court did in this case.

Therefore, I would affirm the Court of Appeals and the trial court.

UTTER, J., concurs with HICKS, J.