153 N.J. Super. 44 (1977)
378 A.2d 1168
IN THE MATTER OF THE ESTATE OF PANAYOTI E. GREGORIOU.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1977.
Decided September 29, 1977.
*45 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. James M. Bell argued the cause for appellant (Messrs. Nolan, Lynes, Bell & Moore, attorneys).
Mr. Yale I. Lazris argued the cause for respondent (Messrs. Rosenstein & Lazris, attorneys).
PER CURIAM.
Exceptant-respondent First National City Bank, a creditor of decedent's insolvent estate, obtained an order including the amount of a management incentive plan bonus awarded to decedent by his employer in the assets of the estate subject to claims. Plaintiff, the widow and administratrix of the estate, appeals.
Decedent was an executive employee of Monsanto Company, earning some $50,000 a year. Pursuant to the Monsanto management incentive plan, he was recommended for a bonus in the amount of $13,000 for the performance year 1973 on December 12, 1973. He died on December 16, 1973. The recommendation was increased to $16,000 on December 20, 1973 and this increased amount was actually awarded on January 24, 1974. The entire sum was paid to plaintiff on February 12, 1974.
Under the terms of the incentive plan, no bonus is awarded until after the close of the performance year; the 1973 performance year ended on December 31, 1973. Thus, although *46 every eligible participant who was recommended for a bonus in 1973 was awarded a bonus, decedent's award nevertheless was not actually made until January 1974, subsequent to his death, and under the terms of the plan the committee administering it retained the absolute discretion to grant or withhold the bonus.
Exceptant has not shown that decedent had a vested right to the bonus at the time of his death. See Mosow v. National Lock Co., 119 Ill. App.2d 232, 255 N.E.2d 500 (App. Ct. 1970); Jones v. Vulcan Materials Co., 112 Ga. App. 402, 145 S.E.2d 268 (Ct. App. 1965); Parrish v. General Motors Corp., 137 So.2d 255 (Fla. D. Ct. App. 1962); Annotation, "Promise by employer to pay bonus as creating valid and enforceable contract," 43 A.L.R.3d 503 (1972), and Annotation, "Rights and liabilities as between employer and employee with respect to general bonus or profit sharing plan," 81 A.L.R.2d 1066 (1962).
There is no evidence in the record here that Monsanto awarded decedent a bonus each year for several years, and thus might have created an implied contract to pay the bonus in 1973. See Simon v. Riblet Tramway Co., 8 Wash. App. 289, 505 P.2d 1291 (Ct. App. 1973), cert. den. 414 U.S. 975, 94 S.Ct. 289, 38 L.Ed.2d 218 (1973); Thatcher v. Wasatch Chemical Co., 29 Utah 2d 189, 507 P.2d 365 (Sup. Ct. 1973); Annotation, "Master and Servant: regular payment of bonus to employee, without express contract to do so, as raising implication of contract for bonus." 66 A.L.R.3d at 1075 (1975).
Hainline v. General Motors Corp., 444 F.2d 1250 (6 Cir.1971), and Russell v. Princeton Laboratories, Inc., 50 N.J. 30 (1967), upon which the trial judge relied, are clearly distinguishable. In Hainline the bonus in question had already been awarded but had not yet been distributed on the date plaintiff employee terminated his employment. It was, under those circumstances, held that plaintiff had a contractual right to the bonus.
*47 Russell v. Princeton Laboratories, Inc., held that the plaintiff employee was entitled to his share of the employees' profit-sharing trust when, because unavoidable exposure to certain substances had been harmful to his health, his employment was terminated. The profit-sharing plan constituted deferred compensation, and there was no doubt that the plaintiff there had earned his share. Here, on the other hand, the bonus was not actually awarded until after decedent's death, and the committee administering the plan retained the discretion to make or withhold the award at least until the end of the calendar year.
If decedent's employment had been terminated for some reason other than his death, or if the employer had refused to award the bonus, decedent's entitlement to the sum in question would depend upon the circumstances. While the committee administering the plan may not act arbitrarily, Russell v. Princeton Laboratories, Inc., and Hainline v. General Motors Corp., above, that fact does not compel the conclusion that the decedent here had a vested right to the bonus since the purpose of the management incentive plan was to reward an employee for outstanding work, and not to entitle him to a bonus as a matter of right. Decedent clearly had no vested right to the bonus and, accordingly, we find that it should not have been included in his estate subject to creditors.
Reversed.